## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**RICHARD W. MARSHALL,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>**Case No. 2:10-CR-893-DAK**<br><br>**Judge Dale A. Kimball** |

On June 28, 2022, Defendant submitted a letter seeking early termination of his supervised release.  On March 21, 2011, this court sentenced Defendant to 144 months incarceration and 36 months of supervised release for bank robbery.  Defendant's term of supervised release began on December 14, 2020.  Therefore, he has served approximately half of his three years of supervised release.  Defendant's United States Probation Officer provided the court with a supervision summary report, recommending that the request be denied at this time. The United States did not oppose the motion, but deferred judgment to Probation.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  The factors to be considered in Section 3553(a) are those factors to be

considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's probation officer states that Defendant has been fully compliant while on supervised release, completed all active conditions of supervision, and has maintained a stable residence and employment. Defendant's letter demonstrates that he has taken many positive steps to turn his life around, which the court applauds. The court, however, has concerns with respect to Defendant's criminal history and the serious nature and circumstances of the offense. The court does not want to diminish Defendant's efforts while on supervised release, but the court believes that Defendant will benefit from continued supervision to help ensure that Defendant continues along the right path consistently. The court, therefore, denies Defendant's motion for early termination of supervised release at this time. But Defendant may reapply for early termination in six months.

DATED this 11th day of July, 2022.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

2